**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. PARKES, | No. 12-15399 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00902-LRH-WGC |
| v. | |
| GREG COX, Director of NDOC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Nevada state prisoner Robert E. Parkes appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with a fall he sustained in the prison kitchen.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, vacate in part, and remand.

The district court properly dismissed Parkes's equal protection claim because Parkes failed to allege facts demonstrating a discriminatory intent. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (equal protection claim "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

The district court properly dismissed Parkes's Eighth Amendment claims because Parkes failed to allege facts demonstrating that defendants knew of and disregarded a substantial risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official violates the Eighth Amendment prohibition against inhumane conditions of confinement only if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). However, it is not "absolutely clear" that Parkes could not cure this deficiency through amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (pro se litigant must be given leave to amend and some notice of the complaint's deficiencies unless they are incurable); *see also Frost v. Agnos*, 152

2

F.3d 1124, 1129 (9th Cir. 1998) ("Slippery floors without protective measures could create a sufficient danger to warrant relief.").

Accordingly, we vacate in part and remand to allow Parkes to file an amended complaint.

**AFFIRMED in part, VACATED in part, and REMANDED.**